## **EXHIBIT B:  INDEX OF ALL DOCUMENTS FILED IN STATE COURT ACTION**

| EXHIBIT | DATE FILED | DOCUMENT TITLE |
|---------|-----------|----------------|
| B-1 |  | CASE SUMMARY |
| B-2 | 07/25/23 | PLAINTIFFS' ORIGINAL PETITION |
| B-3 | 07/25/23 | PLAINTIFFS' REQUEST FOR CITATION |
| B-4 | 07/25/23 | ISSUED CITATION |
| B-5 | 08/07/25 | RETURN OF SERVICE |
| B-6 | 08/29/23 | DEFENDANT'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION AND VERIFIED DENIAL |

Skip to Main Content  Logout  My Account  Search Menu  New Civil Search  Refine Search  Back                    Location : All Courts    Help

# REGISTER OF ACTIONS
## CASE NO. CI65963

| | | | |
|---|---|---|---|
| Laura Ann Pyeatt & Harold Pyeatt vs. Dividend Finance Inc. | § § § § § | Case Type:<br>Date Filed:<br>Location: | **Contract - Other**<br>**07/25/2023**<br>**County Court at Law #4** |

## PARTY INFORMATION

| | | | Attorneys |
|---|---|---|---|
| Defendant | **Dividend Finance Inc.** | | **Allison G. Knerr**<br>*Retained*<br>513-977-8563(W) |
| Plaintiff | **Pyeatt, Harold** | | **Sebastian J. Filgueira**<br>*Retained*<br>281-756-8300(W) |
| Plaintiff | **Pyeatt, Laura Ann** | | **Sebastian J. Filgueira**<br>*Retained*<br>281-756-8300(W) |

## EVENTS & ORDERS OF THE COURT

|  | **OTHER EVENTS AND HEARINGS** | | | |
|---|---|---|---|---|
| 07/25/2023 | **Original Petition (OCA)** | | | |
| 07/25/2023 | **Request** | | | |
| 07/25/2023 | **Citation** | | | |
| 07/25/2023 | **Citation** | | Requested By Dividend Finance Inc. | |
| | Dividend Finance Inc. | | Served | 08/04/2023 |
| | Anticipated Server | Private Process Server | Anticipated Method | In Person |
| 08/07/2023 | **Service Returned** | | | |
| 08/29/2023 | **Answer** | | | |

**EXHIBIT B-1**

Filed for Record
9/25/2023 9:48 AM
Joyce Hudman, County Clerk
Brazoria County, Texas
CI65963
Hannah Guenot, Deputy

NOTICE:  THIS DOCUMENT
CONTAINS SENSITIVE DATA

CI65963

NO. _____

| | | |
|---|---|---|
| **LAURA ANN PYEATT AND HAROLD PYEATT,** | § | **IN THE COUNTY COURT** |
| *Plaintiffs,* | § | |
| | § | 4 |
| **V.** | § | **AT LAW NO. _____** |
| | § | |
| **DIVIDEND FINANCE INC.,** | § | |
| *Defendant.* | § | **BRAZORIA COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COME** Laura Ann Pyeatt and Harold Pyeatt, hereinafter called Plaintiffs, complaining of and about Dividend Finance, Inc., hereinafter called Defendant, and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.      Plaintiffs intend that discovery be conducted under Discovery Level 2 and affirmatively plead that this suit is not governed by the expedited-actions process in Texas Rule of Civil Procedure 169.

### PARTIES AND SERVICE

2.      Plaintiff, Laura Ann Pyeatt, is an Individual whose address is c/o: Lozano Law Offices, P.C., 604 East Highway 6, Alvin, Texas 77511.

3.      Plaintiff, Harold Pyeatt, is an Individual whose address is c/o: Lozano Law Offices, P.C., 604 East Highway 6, Alvin, Texas 77511.

4.      As used herein, "Plaintiff" shall include not only each named Plaintiff but also persons whose claims and defenses are being represented by each named Plaintiff or persons from whose damages each named Plaintiff's claims and defenses are derived.

5.      Defendant Dividend Finance, Inc., is a company based in California, may be served with process by serving its Registered Agent, Becky DeGeorge, at 2710 Gateway Oaks Drive, Suite 150N, Sacramento, California 95833 or wherever she may be found. Service of said Defendant as described above can be effected by personal delivery.

**EXHIBIT B-2**

Copy from re:SearchTX

6.      As used herein, "Defendant" shall include not only each named Defendant but also persons whose claims and defenses are being represented by each named Defendant or persons from whose damages each named Defendant's claims and defenses are derived.

## MISNOMER/ALTER EGO

7.      In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer," and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## JURISDICTION AND VENUE

8.      The subject matter in controversy is within the jurisdictional limits of this court.

9.      Plaintiff seeks only monetary relief of $200,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs.

10.      This court has personal jurisdiction herein because Defendant is a Texas resident.

11.      Venue is in Brazoria County, Texas, in this court, and is proper in this cause because it is the county in which all or a substantial part of the events or omissions giving rise to the claim occurred.

## FACTS

12.      Plaintiff purchased solar panels financed by Defendant. It appears that Defendant was part of a scheme to prey on people like Plaintiff and have them commit to financing agreements for nonfunctional products and service. To date, the financed products do not work, and Defendant continues to contact Plaintiff seeking unconscionable payments.

13.      Although provided with an opportunity to resolve this matter after a demand for payment and presentment had been made, the Defendant has refused to resolve this matter.

Copy from re:SearchTX

## CLAIM OF COMMON LAW FRAUD

14.     Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendant made a false promise to Plaintiff. Plaintiff further shows that Defendant made materially false representations to Plaintiff with the knowledge of their falsehood or with reckless disregard of the truth with the intention that such representations be acted upon by Plaintiff; and that Plaintiff relied on these representations to his detriment. Plaintiff would further show that Defendant concealed or failed to disclose material facts within the knowledge of Defendant, that Defendant knew that Plaintiff did not have knowledge of the same and did not have equal opportunity to discover the truth, and that Defendant intended to induce Plaintiff to enter into the transactions made the basis of this suit by such concealment or failure to disclose. Consequently, Plaintiff is entitled to damages in an amount equal to the amount owed by the Defendant to the Plaintiff. As a proximate result of such fraud, Plaintiff sustained the damages described more fully hereinbelow. Plaintiff is further entitled to an award of punitive damages for Defendants' fraudulent conduct pursuant to Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

## CLAIM OF STATUTORY FRAUD

15.     Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendant's promise to Plaintiff were a material component of Plaintiff's decision to turn over funds to Defendant. Defendant made the promise with the intention of not fulfilling it and for the purpose of inducing the Plaintiff to turn over funds to Defendant. Plaintiff relied on the Defendant's promises to Plaintiff's detriment. Accordingly, Defendant is liable for Plaintiff's actual damages. Defendant was actually aware of the falsehood of the promises at the time the promise was made. Specifically, Defendant knew Defendant would not be able to diligently and properly invest the funds entrusted to Defendant by Plaintiff. Accordingly, Defendant is liable for exemplary damages based on the fraudulent representation to Plaintiff. Defendant's fraud entitles Plaintiff to reasonable and necessary attorney fees, expert witness fees, cost for copies of depositions, and costs of court.

Copy from re:SearchTX

## FRAUDULENT NONDISCLOSURE

16.     Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. In the course of the action between Plaintiff and Defendant, Defendant owed Plaintiff a duty to disclose certain information and failed to disclose such information. Plaintiff would show that Defendant (1) deliberately failed to disclose material facts; (2) the Defendant had a duty to disclose such facts to the Plaintiff; (3) Plaintiff was ignorant of the facts and did not have an equal opportunity to discover them; (4) Defendant intended the Plaintiff to act or refrain from acting based on the nondisclosure; and (5) Plaintiff relied on the non-disclosure, which resulted in injury.

## FRAUDULENT INDUCEMENT

17.     Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Plaintiff entered into a contract with Defendant. Plaintiff would show that Defendant (1) made a material misrepresentation; (2) the misrepresentation was made with knowledge of its falsity or asserted without knowledge of its truth; (3) the Defendant made the misrepresentation with the intention that the Plaintiff should rely on or act upon the misrepresentation; (4) Plaintiff relied on the misrepresentation; and (5) Plaintiff's reliance on the misrepresentation resulted in injury.

## BREACH OF CONTRACT

18.     Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendant breached its contract with Plaintiff. Plaintiff would further show that the actions and/or omissions of the Defendant described hereinabove constitute a breach of contract which proximately caused the direct and consequential damages of Plaintiff described hereinbelow and for which Plaintiff hereby sues.

## NEGLIGENCE

19.     In the course of the transactions between Plaintiff and Defendant, Defendant owed Plaintiff a duty as promised and agreed. Plaintiff would show that Defendant failed to exercise ordinary care in promising said payments.  The acts and/or omissions of Defendant described hereinabove by which Defendant breached such duties constitute a proximate cause of the damages of Plaintiff described more fully herein, for which Defendant is liable to Plaintiff.

Copy from re:SearchTX

## NEGLIGENT MISREPRESENTATION

20.    Plaintiff would show that Defendant supplied false information in the course of their business, profession or employment, or in the course of a transaction in which Defendant had a pecuniary interest, and that such information was supplied by Defendant for the guidance of Plaintiff in the transactions described herein. Defendant failed to exercise reasonable care or competence in obtaining or communicating such information.  Plaintiff avers that Plaintiff suffered pecuniary loss, described more fully herein, which was proximately caused by Plaintiff's justifiable reliance on such information. Plaintiff, therefore, asserts a cause of action for negligent misrepresentation against Defendant as provided by Federal Land Bank Association of Tyler v. Sloane, 825 S.W.2d 439 (Tex. 1991).

## CLAIM OF UNJUST ENRICHMENT

21.    Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Defendant should not be unjustly enriched through Plaintiff's funds. Plaintiff turned over funds to the Defendant. Defendant accepted the funds provided by the Plaintiff and benefited from said funds. Defendant had reasonable notice that Plaintiff expected to have the funds diligently allocated. Accordingly, Plaintiff is entitled to the reasonable value of the funds provided. Accordingly, Defendant should pay Plaintiff for the reasonable value of the funds provided, as well as pre-judgment interest, post-judgment interest, costs of court and reasonable attorneys' fees. See Tex. Civ. Prac. & Rem. Code §38.001(1) - (3).

## DECEPTIVE TRADE PRACTICES

22.    Plaintiff would show that Defendant engaged in certain false, misleading and deceptive acts, practices and/or omissions actionable under the Texas Deceptive Trade Practices - Consumer Protection Act (Texas Business and Commerce Code, Chapter 17.41, et seq.), as alleged herein below.

23.    Violations of Section 17.46(b). Defendant violated Section 17.46(b) of the Texas Business and Commerce Code, in that Defendant:

(a)    represented that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another; and

(b)    failed to disclose information concerning goods or services which was

Copy from re:SearchTX

known at the time of the transaction with the intention to induce the consumer into a transaction into which the consumer would not have entered had the information been disclosed.

24.    <u>Producing Cause</u>. Plaintiff would show that the acts, practices and/or omissions complained of were the producing cause of Plaintiff's damages more fully described herein.

25.    <u>Reliance</u>. Plaintiff would further show the acts, practices and/or omissions complained of under Section 17.46(b) of the Texas Business and Commerce Code were relied upon by Plaintiff to Plaintiff's detriment.

26.    <u>Written Notice Given</u>. Plaintiff has timely notified Defendant of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code by letter and would show compliance with all conditions precedent to the filing of this suit and recovery of additional damages and attorney's fees.

## CONVERSION

27.    Plaintiff incorporates by reference the previous paragraphs as if fully set forth herein. Plaintiff owned, possessed, or had the right of immediate possession of funds paid to Defendant by the Plaintiff. Defendant wrongfully exercised dominion or control over the funds to the exclusion of and inconsistent with the Plaintiff's right in that the Defendant diverted funds to themselves to the exclusion of the Plaintiff. Plaintiff has demanded the funds, but Defendant has refused to turn over the funds.

## AGENCY

28.    At and during the time of the acts and/or omissions complained of herein, any acts and/or omissions committed by an agent, representative or employee of each Defendant occurred within the scope of the actual or apparent authority of such person on behalf of each said Defendant. Each Defendant is, therefore, liable, jointly and severally, to the Plaintiff for the acts and/or omissions of any such agent, representative or employee complained of herein by virtue of such agency relationship.

Copy from re:SearchTX

## RESPONDENT SUPERIOR

29.     At and during the time of the acts and/or omissions complained of herein, said acts and/or omissions of any employee of each Defendant occurred within the scope of the general authority and for the accomplishment of the objectives for which such employee was employed. Each Defendant is, therefore, liable to the Plaintiff for the acts and/or omissions of any such employee complained of herein under the doctrine of Respondent Superior.

## ACTUAL AND ECONOMIC DAMAGES

30.     Plaintiff is entitled to recover actual and economic damages as determined by the finder of fact.

## MULTIPLE DAMAGES

31.     As alleged herein, Plaintiff would show that the false, misleading and deceptive acts, practices and/or omissions complained of herein were committed "knowingly" in that the Defendant had actual awareness of the falsehood, deception, or unfairness of such acts, practices, and/or omissions. Plaintiff further avers that such acts, practices, and/or omissions were committed "intentionally" in that the Defendant specifically intended for the Plaintiff to act in detrimental reliance upon the falsehood or deception or in detrimental ignorance of the unfairness. Therefore, Plaintiff is entitled to recover multiple damages as provided by Section 17.50(b)(1) of the Texas Business and Commerce Code.

## EXEMPLARY DAMAGES

32.     Plaintiff would further show that the acts and omissions of the Defendant complained of herein were committed knowingly, willfully, intentionally, with actual awareness, and with the specific and predetermined intention of enriching said Defendant at the expense of the Plaintiff. In order to punish said Defendant for such unconscionable overreaching and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from the Defendant for exemplary damages as provided by Section 41.003(a)(1) of the Texas Civil Practice and Remedies Code.

Copy from re:SearchTX

**FEE FORFEITURE AND DISGORGEMENT**

33.     Plaintiff specifically pleads for the equitable remedy of forfeiture and disgorgement of profits and requests the Court order that all of the monies paid to Defendant be forfeited and disgorged as a result of Defendant's conduct.

**ALTERNATIVE ALLEGATIONS AND CONDITIONS PRECEDENT**

34.     Pursuant to Rules 47 and 48 of the Texas Rules of Civil Procedure and the rules of pleadings, allegations in this petition are made in the alternative.

35.     All conditions precedent and presentment have been performed or have occurred.

**PRESERVATION OF EVIDENCE**

36.     As critical evidence in this matter exists in the form of electronic data contain in the computer systems (including but not limited to a personal computer, laptop, tablet, and/or any external drives associated with said computer systems) and telephone systems (including but not limited to cellular phone, smart phones, text messages, photos captured on said cellular device and/or smart phone, videos captured via cellular phone and/or smart phone, voice recordings captured via cellular phone and/or smart phone), this is a notice and demand that such evidence identified above must be immediately preserved and retained until further written notice from the undersigned. This request is essential, as a paper printout of text contained in a computer file does not completely reflect all information contained within the electronic file. Additionally, the continued operation of the computer systems identified herein will likely result in the destruction of relevant evidence due to the fact that the electronic evidence can easily be altered, deleted, or otherwise modified. The failure to preserve and retain the electronic data outlined in this notice constitutes spoliation of evidence and will subject the responding party to legal claims for damages and/or evidentiary and monetary sanctions.

**RULE 193.7**

37.     Parties shall take actual notice that Plaintiff hereby notifies all parties that, pursuant to Rule 193.7 of the Texas Rules of Civil Procedure, Plaintiff intends to use any and all documents produced by any party against such parties in any pretrial proceeding, hearing, and/or trial of this matter without the necessity of authenticating the documents.

Copy from re:SearchTX

## DESIGNATION OF EXPERT

38.     Pursuant to Rule 192.3 of the Texas Rules of Civil Procedure, Plaintiff hereby designates the undersigned attorney, Sebastian Filgueira, as an expert to testify as to reasonable and necessary attorneys' fees incurred by and relating to all parties in this matter.

## ATTORNEY'S FEES, COSTS OF COURT, AND INTEREST

39.     As a result of Defendant's actions as stated and shown herein, Plaintiff was required to retain legal counsel to prosecute the claims set forth herein and have and will incur reasonable and necessary attorneys' fees, expenses, and costs of court in pursuing these and potentially other claims. Plaintiff hereby seek recovery of such attorney's fees, expenses, and costs of court from Defendant, including all fees necessary in the event of an appeal of this cause to the Court of Appeals and the Supreme Court of Texas, as the Court deems equitable and just, pursuant to Texas Civil Practices and Remedies Code Sections 38.001, 37.009, and 134.005, Texas Business & Commerce Code Sections 17.50(d) and 27.01, and/or any other applicable statute or common law. Attorneys' fees should be awarded for any and all services rendered up to and including trial and any and all post-trial motions and appeals.

## DEMAND FOR JURY TRIAL

40.     Plaintiff demands a trial by jury pursuant to TEX. R. CIV. P. 216 and will tender the jury fee within the requisite deadlines.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendant, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; exemplary damages, as addressed to each Defendant per Chapter 41 of the Texas Civil Practice and Remedies Code, excluding interest, and as allowed by Chapter 41 of the Texas Civil Practice and Remedies Code; economic and punitive damages; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity, whether pled or not.

Copy from re:SearchTX

Respectfully submitted,

**LOZANO LAW OFFICES, P.C.**

By: _____/s/ Sebastian J. Filgueira_____
      Sebastian J. Filgueira
      Texas Bar No. 24057846
      sebastian@lozanoattorney.com
      604 E. Highway 6
      Alvin, TX  77511
      Tel. (281) 756-8300
      Fax. (281) 388-1177
      ATTORNEY FOR PLAINTIFFS

Copy from re:SearchTX

Filed for Record
9/25/2023 9:48 AM
Joyce Hudman, County Clerk
Brazoria County, Texas
CI65963
Hannah Guenot, Deputy

**JOYCE HUDMAN**CI65963
County Clerk



**GINA** *illegible* **SON**
Chief Deputy
CI65963

## Process Request – Please Type/Print All Information

Type of service: _____

**Document to be attached:** _____
*You must provide once copy of the instrument being served for each person
OR pay costs of copies for document (s) being attached.

### Service by: (check one)
☐BCSO Bo Stallman                         ☐Clerk by Certified Mail
☐Constable David Thacker Pct. 1        ☐Publication to OCA Portal/Website
☐Constable Willie Howell Pct. 2         ☐Posting
☐Constable Buck Stevens Pct. 3
☐Constable James Brawner Pct. 4
☐Publication (Name & Address of Newspaper): _____
☐Return to Attorney by Mail or Email _____
☐Private Process Server (Name)_____

**In order to expedite service, please provide as much information as possible by completed the blanks below.
*Use additional pages for multiple parties being served.**

### Service Information
Name:_____ Descr:☐Male ☐Female, Date of Birth__/__/____
Race_____ Eyes_____ Hair_____
Tattoos, Scars, Facial Hair, Glasses, Etc.:_____

Physical address with County Road if applicable:_____

Other address person may be found: _____

Gate Access Code_____     Building Number_____

Descr. of house, i.e., trailer park, subdivision: _____

Cell/Home Phone: _____    Work: _____

Any vehicles?
Yr_____Make_____Model_____Color_____LP#_____

Best time to Serve: ☐Days     ☐Evenings     ☐Nights

Name and address of Employer: _____

List any other information the deputies should know. For example, is party being served known to be
violent, owns weapons, mental or physical illness, dogs in yard, locked gates, etc.

_____
_____

### Service requested by:
Name and Email: _____
Cell/Home Phone: _____    Work: _____

EXHIBIT B-3

Copy from re:SearchTX

#261453


PLEASE RETURN
ORIGINAL TO COUNTY
CLERK FOR COURT'S
FILE

## CITATION
(107 return)

THE STATE OF TEXAS

TO: <u>Dividend Finance Inc.  By Serving Registered Agent Becky DeGeorge  2710 Gateway Oaks Drive Suite 150N   Sacramento CA  95833 – Or wherever she may be found</u>

NOTICE:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and Original Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

Said answer may be filed by mailing same to Joyce Hudman, County Clerk, 111 E. Locust, Suite 200, Angleton, Texas 77515 or bringing it to the office.

The case is presently pending before County Court At Law #4 and Probate Court of Brazoria County sitting in Angleton, Texas and was filed on the 25th day of July, 2023 in cause number <u>CI65963</u>. Styled:

<u>Laura Ann Pyeatt; Harold Pyeatt,</u> Plaintiff(s)

Vs

<u>Dividend Finance Inc.,</u> Defendant(s)

The name and address of the attorney filing this action is Sebastian J. Filgueira; Sebastian J. Filgueira, Lozano Law Offices PC  604 E Highway 6  Alvin Tx  77511; Lozano Law Offices Pc  604 E Highway 6  Alvin Tx  77511.

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this citation.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF said court at office, this the 25th day of July, 2023

JOYCE HUDMAN, COUNTY CLERK
Brazoria County, Texas
111 E. Locust, Suite 200
Angleton, TX  77515-4654

By _____, Deputy
HGuenot

**EXHIBIT B-4**

Copy from re:SearchTX

**RETURN OF SERVICE**

**CI65963; County Court At Law #4 and Probate Court of Brazoria County**

**Laura Ann Pyeatt; Harold Pyeatt, Plaintiff(s)**
**Vs**
**Dividend Finance Inc., Defendant(s)**

**Dividend Finance Inc.  By Serving Registered Agent Becky DeGeorge  2710 Gateway Oaks Drive Suite 150N**

**Sacramento CA  95833- Or wherever she may be found**

Came to hand on the _____ day of _____, 20_____ at _____ o'clock ___.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition at the following times and places to wit:

NAME                                    DATE/TIME              PLACE, COURSE AND DISTANCE FROM COURTHOUSE
_____  _____  _____

_____

or not executed as to the defendant for the following reasons:

_____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**                                                    _____, Officer

Serving Petition and copy:           $ _____           _____County, Texas

Total:                                 $ _____           _____
                                                                Deputy/Authorized Person/Affiant

**COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT**

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
                    (first, middle, last)                                          (DOB)

_____.
                              (street, city, state, zip code, country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

                                            _____
                                            Declarant/Authorized Process Server

                                            _____
                                            (ID No. and Expiration of Certification)

**EXHIBIT B-4**

Copy from re:SearchTX



## CITATION
### (107 return)

THE STATE OF TEXAS

TO: <u>Dividend Finance Inc.  By Serving Registered Agent Becky DeGeorge  2710 Gateway Oaks Drive Suite 150N Sacramento CA  95833 – Or wherever she may be found</u>

NOTICE:

**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney does not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and Original Petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org.**

Said answer may be filed by mailing same to Joyce Hudman, County Clerk, 111 E. Locust, Suite 200, Angleton, Texas 77515 or bringing it to the office.

The case is presently pending before County Court At Law #4 and Probate Court of Brazoria County sitting in Angleton, Texas and was filed on the 25th day of July, 2023 in cause number <u>CI65963</u>. Styled:

<u>Laura Ann Pyeatt; Harold Pyeatt,</u> Plaintiff(s)

Vs

<u>Dividend Finance Inc.,</u> Defendant(s)

The name and address of the attorney filing this action is Sebastian J. Filgueira; Sebastian J. Filgueira, Lozano Law Offices PC  604 E Highway 6  Alvin Tx  77511; Lozano Law Offices Pc  604 E Highway 6  Alvin Tx  77511.

The nature of the demands of said Plaintiff is shown by a true and correct copy of Plaintiff's Petition accompanying this citation.

ISSUED AND GIVEN UNDER MY HAND AND SEAL OF said court at office, this the 25th day of July, 2023

JOYCE HUDMAN, COUNTY CLERK
Brazoria County, Texas
111 E. Locust, Suite 200
Angleton, TX  77515-4654

By _____, Deputy
HGuenot

**EXHIBIT B-4**

Copy from re:SearchTX

## RETURN OF SERVICE

**CI65963; County Court At Law #4 and Probate Court of Brazoria County**

**Laura Ann Pyeatt; Harold Pyeatt, Plaintiff(s)**
**Vs**
**Dividend Finance Inc., Defendant(s)**

**Dividend Finance Inc. By Serving Registered Agent Becky DeGeorge 2710 Gateway Oaks Drive Suite 150N**

**Sacramento CA  95833- Or wherever she may be found**

Came to hand on the _____ day of _____, 20____ at _____ o'clock ___.m., and executed in _____ County, Texas by delivering to each of the within named defendants in person, a true copy of this Citation with the date of delivery endorsed thereon, together with the accompanying copy of the Original Petition at the following times and places to wit:

NAME                         DATE/TIME        PLACE, COURSE AND DISTANCE FROM COURTHOUSE

_____     _____     _____

_____     _____     _____

or not executed as to the defendant for the following reasons:

_____

The diligence used in finding said defendant(s) being:

_____

and the cause or failure to execute this process is:

_____

and the information received as to the whereabouts of said defendant(s) being:

_____

**FEES:**                                        _____, Officer

Serving Petition and copy:      $ _____     _____County, Texas

Total:                          $ _____     _____
                                                  Deputy/Authorized Person/Affiant

## COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE OR CLERK OF THE COURT

In accordance with Rule 107: The officer or authorized person who serves, or attempts to serve a citation shall sign the return. The return must either be verified or be signed under penalty of perjury. A return signed under perjury must contain the statement below in substantially the following form:

" My name is _____, my date of birth is _____, and my address is
                                (first, middle, last)                                    (DOB)

_____.
                              (street, city, state, zip code, country)

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____ County, State of _____, on the _____ day of _____, 20___.

                                        _____
                                        Declarant/Authorized Process Server

                                        _____
                                        (ID No. and Expiration of Certification)

**EXHIBIT B-4**

Copy from re:SearchTX

Filed for Record
8/7/2023 2:22 PM
Joyce Hudman, County Clerk
Brazoria County, Texas
CI65963
Hannah Guenot, Deputy

CAUSE NO. CI65963

| | | |
|---|---|---|
| LAURA ANN PYEATT; HAROLD PYEATT | § | IN THE COURT OF |
| | § | |
| Plaintiff, | § | |
| VS. | § | COUNTY, |
| | § | |
| DIVIDEND FINANCE INC | § | |
| Defendant. | § | COUNTY COURT AT LAW #4 AND PROBATE COURT OF |
| | | BRAZORIA COUNTY |

## AFFIDAVIT OF SERVICE

On this day personally appeared **T. Andy Harris** who, being by me duly sworn, deposed and said:

"The following came to hand on **July 27, 2023, at 11:35 AM**,

### CITATION AND PLAINTIFF'S ORIGINAL PETITION

and was executed at **2710 Gateway Oaks Dr 150 N, Sacramento, CA 95833** within the county of **Sacramento** at **02:30 PM on Fri, Aug 04 2023**, by delivering a true copy to the within named

### DIVIDEND FINANCE INC. BY SERVING REGISTERED AGENT BECKY DEGEORGE
### ACCEPTED BY: REBECCA VANG, AUTHORIZED AGENT FOR SERVICE OF PROCESS

in person, having first endorsed the date of delivery on same.

I am a person over eighteen (18) years of age and I am competent to make this affidavit. I am a resident of the State of California. I am familiar with the Texas Rules of Civil Procedure as they apply to service of Process. I am not a party to this suit nor related or affiliated with any herein, and have no interest in the outcome of the suit. I have never been convicted of a felony or of a misdemeanor involving moral turpitude. I have personal knowledge of the facts stated herein and they are true and correct."

T. Andy Harris

Knock 'Em Out Civil Process, LLC
16903 Red Oak Drive, Suite 270
Houston, Texas 77090
713.882.1821

**BEFORE ME,** a Notary Public, on this day personally appeared **T. Andy Harris**, known to me to be the person whose name is subscribed to the foregoing document and, being by me first duly sworn, declared that the statements therein contained are within his or her personal knowledge and are true and correct.

SUBSCRIBED AND SWORN TO ME ON ____08/07/2023____

Notary Public, State of California



HIVAYAT ALI
COMM. # 2398524
NOTARY PUBLIC · CALIFORNIA
SACRAMENTO COUNTY
COMM. EXPIRES MAR. 25, 2026

EXHIBIT B-5

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Envelope ID: 78269999
Filing Code Description: Service Returned
Filing Description: Executed 8/4/23
Status as of 8/7/2023 2:31 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sebastian Filgueira | | sebastian@lozanoattorney.com | 8/7/2023 2:22:10 PM | SENT |

Copy from re:SearchTX

Filed for Record
8/29/2023 1:04 PM
Joyce Hudman, County Clerk
Brazoria County, Texas
CI65963
Hannah Guenot, Deputy

**CASE NO. CI65963**

| | |
|---|---|
| LAURA ANN PYEATT AND<br>HAROLD PYEATT | IN THE COUNTY OF COURT |
| **Plaintiffs,**<br>v. | AT LAW NO. 4 |
| DIVIDEND SOLAR FINANCE, LLC, | BRAZORIA COUNTY, TEXAS |
| **Defendant.** | |

## DEFENDANT'S ORIGINAL ANSWER TO
## PLAINTIFF'S ORIGINAL PETITION AND VERIFIED DENIAL

TO THE HONORABLE JUDGE OF SAID COURT:

Defendant Dividend, a division of Fifth Third Bank, National Association, incorrectly named in Plaintiffs' Original Petition as Dividend Solar Finance, LLC, ("Dividend" or "Defendant") files its Answer, and in support thereof, would show the Court as follows:

### I.       GENERAL DENIAL

1.      Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Defendant denies generally each and every allegation contained in Plaintiffs' Original Petition, and any amendments and supplements thereto, and demands strict proof thereof by a preponderance of the evidence.

### II.       AFFIRMATIVE AND OTHER DEFENSES

2.      Subject to and without waiver of its general denial, Defendant alleges that it is not liable to Plaintiffs on the ground that Plaintiffs' claims are barred by the doctrine of contributory negligence.

3.      Subject to and without waiver of its general denial, Defendant alleges that it is not liable to Plaintiffs because Plaintiffs' injuries, if any, were the result of the acts or omissions of others for whom Defendant is not liable.

1

**EXHIBIT B-6**

Copy from re:SearchTX

4.      Subject to and without waiver of its general denial, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the doctrine(s) of assumption of the risk, estoppel, waiver, release, fraud, unclean hands and/or laches.

5.      Subject to and without waiver of its general denial, Defendant alleges that Plaintiffs failed to mitigate their damages.

6.      Subject to and without waiver of its general denial, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, by the economic loss doctrine.

7.      Subject to and without waiver of its general denial, Defendant alleges that Plaintiffs' claims are barred, in whole or in part, because Plaintiffs' Original Complaint fails to state a claim upon which relief can be granted.

8.      Subject to and without waiver of its general denial, Defendant alleges that if there was a violation of the Texas Deceptive Trade Practices – Consumer Protection Act (Texas Business and Commerce Code), none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations thereof.

9.      Subject to and without waiver of its general denial, Defendant alleges that if there was a violation of the Texas Debt Collection Act, none being admitted, any acts done or omitted were in good faith in conformity with applicable rules, regulations, and/or interpretations thereof.

10.     Subject to and without waiver of its general denial, Plaintiffs' claims of damages or liability are barred, in whole or part, by the applicable statute of limitations, including, but not limited to, the limitation of actions set forth in Tex. Civ. Prac. & Rem. Code § 16.004 and/or Tex. Bus. & Com. Code § 17.565.

11.     Subject to and without waiver of its general denial, Plaintiffs' claims are barred, in whole or in part, by the FTC Holder Rule.

2

Copy from re:SearchTX

12.     Subject to and without waiver of its general denial, Plaintiffs' claims are barred, in whole or in part, by the express language of the Loan and Security Agreement dated November 10, 2021.

13.     Subject to and without waiver of its general denial, and pursuant to a verified denial, Plaintiffs' claims are barred, in whole or in part, for failure to join a necessary and indispensable party.

14.     Subject to and without waiver of its general denial, Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have suffered no damages due to any action, alleged inaction and/or failure by Defendant.

15.     Subject to and without waiver of its general denial, Defendant alleges that Plaintiffs waived their right to a jury trial under the Loan and Security Agreement dated November 10, 2021.

16.     Subject to and without waiver of its general denial, Defendant alleges the following affirmative defenses to Plaintiffs' claim for exemplary and/or treble damages:

a.     Plaintiffs' Original Petition fails to state a claim against Defendant for which exemplary damages may be awarded;

b.     Plaintiffs' claim for exemplary damages against Defendant cannot be sustained because an award of exemplary damages under Texas law, without proof of every element beyond a reasonable doubt, would violate Defendant's due process rights under the Fourteenth Amendment to the United States Constitution;

c.     Alternatively, unless both Defendant's liability for exemplary damages and the appropriate amount for exemplary damages are required to be established by clear and convincing evidence, then the award of exemplary damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

Copy from re:SearchTX

d.     Plaintiffs' claim for exemplary damages against Defendant cannot be sustained because any award of exemplary damages under Texas law without bifurcating the trial of all exemplary damages issues would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

e.     Plaintiffs' claim for exemplary damages against Defendant cannot be sustained because an award of exemplary damages under Texas law subject to no predetermined limit, such as a maximum multiple of compensatory damages or a maximum amount of the exemplary damages that a jury could impose, would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

f.     Plaintiffs' claim for exemplary damages against Defendant cannot be sustained because an award of exemplary damages under Texas law by a jury that (a) is not provided a standard of sufficient clarity for determining the appropriateness, or the appropriate size of an exemplary damages award, (b) is not instructed on the limits of exemplary damages imposed by the applicable principles of the terms and punishment, (c) is not expressly prohibited from awarding exemplary damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of Defendant, (d) is permitted to award exemplary damages under a standard for determining liability for exemplary damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes exemplary damages permissible, and (e) is not subject to judicial review on the basis of objective standards, would violate Defendant's due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution, by the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment;

g.     Plaintiffs' claim for exemplary damages against Defendant cannot be

Copy from re:SearchTX

sustained because an award of exemplary damages under Texas law for the purpose of compensating Plaintiffs for elements of damages not otherwise recognized by Texas law would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution;

h.     Plaintiffs' claim for exemplary damages against Defendant cannot be sustained because an award of exemplary damages under Texas law, without the same protections that are afforded to all criminal defendants, including protection against unreasonable searches and seizures, double jeopardy and self-incrimination, and the right to confront adverse witnesses, a speedy trial and the effective assistance of counsel, would violate Defendant's due process rights under the Fourteenth Amendment to the United States Constitution;

i.     Any award of exemplary damages based on anything other than Defendant's alleged conduct regarding the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment, because any other judgment for exemplary damages in this case cannot protect Defendant against impermissible multiple punishment for the same wrong;

j.     Defendant denies that the conduct of any of its agents, servants or employees, by act or omission, was oppressive, fraudulent, malicious or grossly negligent, but in the event that it is adjudged to the contrary, Defendant specifically pleads that it has not authorized or ratified any such conduct nor should it have anticipated the conduct, if any, and Defendant specifically pleads and relies upon such facts as a complete bar to Plaintiffs' claim for exemplary damages.

5

Copy from re:SearchTX

### III.    RIGHT TO AMEND PLEADING

17.     Defendant reserves the right to amend and/or supplement this answer and to amend Affirmative Defenses as pursuant to the Texas Rules of Civil Procedure and orders of the Court.

### PRAYER

18.     WHEREFORE, Defendant prays that Plaintiffs take nothing by their suit, that judgment in favor of Defendant be entered with prejudice, that all relief requested by Plaintiffs be denied, and that all costs incurred herein be taxed against Plaintiffs. Defendant requests any and all relief to which the Court finds it entitled.  Defendant further consents to email service in this matter at the undersigned counsel's email address below.

Respectfully submitted,


/s/ Allison G. Knerr
Allison G. Knerr
Texas Bar No. 24069573
**DINSMORE & SHOHL, LLP**
255 East Fifth Street
Suite 1900
Cincinnati, Ohio 45202
Email:  allison.knerr@dinsmore.com
Tel: (513) 977-8563
Fax: (513) 977-8141

*Attorney for Defendant Dividend Solar Finance, LLC*

6

Copy from re:SearchTX

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 29th day of August, 2023 a true and correct copy of the foregoing document was delivered in accordance with Rule 21a of the Texas Rules of Civil Procedure via electronic filing.

Sebastian J. Filgueira
Texas Bar No. 24057846
604 E. Highway 6
Alvin, Texas 77511
Telephone: (281) 756-8300
sebastian@lozanoattorney.com

/s/ Allison G. Knerr

7

Copy from re:SearchTX

## VERIFICATION

I, _JEFF LAZZARI_____, on behalf of Dividend Solar Finance, LLC, hereby verify

that the foregoing Answer to Plaintiffs' Original Petition and Verified Denial, including the factual

allegations therein, are true and correct to the best of my knowledge, information and belief.

_____

STATE OF _____

COUNTY OF _____   ) SS:

      Before me, a Notary Public in and for said County and State, personally appeared
_____, who acknowledged execution of the foregoing Answer to
Plaintiffs' Original Petition. This notarization was performed using communication technology,
and this electronic notarization occurred while I was physically present in the state.

      My commission expires:_____.
      Notary ID No.    _____

_____

NOTARY PUBLIC

_____

Printed Name

8

Copy from re:SearchTX

## **VERIFICATION**

I, _____, on behalf of Dividend Solar Finance, LLC, hereby verify

that the foregoing Answer to Plaintiffs' Original Petition and Verified Denial, including the factual

allegations therein, are true and correct to the best of my knowledge, information and belief.

_____

STATE OF Kentucky )
)   SS:
COUNTY OF Spencer )

Before me, a Notary Public in and for said County and State, personally appeared
Jeff Lazzari _____, who acknowledged execution of the foregoing Answer to
Plaintiffs' Original Petition. This notarization was performed using communication technology,
and this electronic notarization occurred while I was physically present in the state.

My commission expires: 1/31/2027 .
Notary ID No. KYNP 63597

_____
NOTARY PUBLIC

Lynn Elliott-Reed
Printed Name

8

Copy from re:SearchTX

## Automated Certificate of eService

This automated certificate of service was created by the efiling system.
The filer served this document via email generated by the efiling system
on the date and to the persons listed below. The rules governing
certificates of service have not changed. Filers must still provide a
certificate of service that complies with all applicable rules.

Allison Knerr on behalf of Allison Davis
Bar No. 24069573
Allison.Knerr@Dinsmore.com
Envelope ID: 79024036
Filing Code Description: Answer/Response
Filing Description: to Plaintiff's Original Petition and Verified Denial
Status as of 8/29/2023 4:27 PM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Sebastian Filgueira | | sebastian@lozanoattorney.com | 8/29/2023 1:04:33 PM | SENT |

Associated Case Party: Dividend Finance Inc.

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Allison G.Knerr | | allison.knerr@dinsmore.com | 8/29/2023 1:04:33 PM | SENT |

Copy from re:SearchTX